UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KRISTEN ERWIN, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO: |
| CARMEL CLAY SCHOOLS, | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Kristen Erwin ("Erwin"), by counsel, against Defendant, Carmel Clay Schools ("Defendant"), for violating the American with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et. seq.*

### II. PARTIES

2. Erwin, at all times relevant to this litigation, resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is an Indiana school district, which maintains its principal office at 5201 East Main Street, Carmel, Indiana 46033, which is within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 42 U.S.C. § 12117.

5.     Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A).

6.     At all times relevant to this action, Erwin was an "employee" as that term is defined by 42 U.S.C. § 12111(4).

7.     Erwin has a "disability" as that term is defined by 42 U.S.C. § 12102(2).

8.     Erwin is a "qualified individual with a disability" as defined by 42 U.S.C. §12111(8).

9.     Erwin exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and files this complaint within ninety (90) days of receipt of her Notice of Right to Sue.

10.    A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; therefore, venue is proper in this Court.

### IV.  FACTUAL ALLEGATIONS

11.    Erwin was hired by Defendant as a substitute teacher in or about September 2015.

12.    On or about November 16, 2015, Defendant transferred Erwin to a Life Skills IA position at Creekside Middle School.

13.    At all relevant times, Erwin met or exceeded Defendant's legitimate performance expectations.

14. In or about 1996, Erwin was diagnosed with debilitating anxiety and panic attacks.

15. On or about January 13, 2016, Erwin suffered a panic attack while taking a group of students to art class. The art teacher, Leslie Ward, could see Erwin was not feeling well and sent her to the nurse's office to get some Advil.

16. Erwin was chastised by Jessica Tubbs, Assistant Principal, for abandoning her students; however, she had ensured they were covered before going to the nurse's office.

17. On or about January 19, 2016, Erwin was injured when she was attacked by a student to whom she was assigned. The student, who was similar or bigger in stature than Erwin, injured her ribs. He had previously injured Erwin's collar bone and a co-worker's foot.

18. On January 22, 2017, Defendant met with Erwin. Defendant told her that she was not a good fit for the position given her anxiety issues and panic attacks. Defendant told Erwin that she could resign or be terminated.

19. Defendant did not engage in an interactive process to see whether an accommodation was available that would have allowed Erwin to continue to working.

V. LEGAL ALLEGATIONS

COUNT I-DISABILITY DISCRIMINATION

20. Paragraphs one (1) nineteen (19) of Erwin's Complaint are hereby incorporated.

21. Defendant violated Erwin's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* by subjecting her to disparate treatment because of her actual or perceived disability.

22. Defendant's actions were intentional, willful and in reckless disregard of Erwin's rights as protected by the ADA.

23. Erwin has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT II: ADA – FAILURE TO ACCOMODATE

24. Erwin hereby incorporates by reference paragraphs one (1) through twenty-three (23) as if the same were set forth at length herein.

25. Defendant failed to provide Erwin with an accommodation due to her disability.

26. Defendant willfully and intentionally discriminated against Erwin on the basis of her disabilities in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.*

27. Erwin has suffered damages as a result of Defendant's actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Kristen Erwin, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

2. Pay Plaintiff's lost wages and benefits;

3. Pay to Plaintiff compensatory damages, including, lost future earning capacity under the ADA;

4. Pay to Plaintiff punitive damages for Defendant's violations of the ADA;

6. Pay to Plaintiff pre- and post-judgment interest;

7. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

8. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

/s Andrew Dutkanych_____
Andrew Dutkanych, Attorney No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone:   (812) 424-1000
Facsimile:   (812) 424-1005
Email:       ad@bdlegal.com

*Attorneys for Plaintiff, Kristen Erwin*

## DEMAND FOR JURY TRIAL

The Plaintiff, Kristen Erwin, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

/s Andrew Dutkanych_____
Andrew Dutkanych, Attorney No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

*Attorneys for Plaintiff, Kristen Erwin*